SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
JONATHAN SEIGEL #168224
ALEXANDRIA CARRAHER #299258
26522 La Alameda, Suite 205
Mission Viejo, CA 92691
Telephone: (949) 263-8757
Facsimile: (949) 209-3320
PBD.100-001S

Attorneys for:
THE PERCY B. DAWSON LEGACY TRUST, its successors and/or assignees

# UNITED STATES BANKRUPTCY COURT FOR
# THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>CYNTHIA MARIE HOWARD,<br><br>Debtor. | Bk. No. 17-41281-WJL<br><br>Chapter 13<br><br>**OBJECTIONS TO CONFIRMATION OF PLAN**<br><br>Hearing-<br>Date:<br>Time:<br>Place: Bankruptcy Court<br>      1300 Clay Street<br>      Oakland, CA |

      THE PERCY B. DAWSON LEGACY TRUST, its successors and/or assignees in interest ("**Lender**"), secured Lender of the above named Debtor, hereby submits these Objections to the Debtor's Chapter 13 Plan ("**Plan**"). These Objections are based on the pleadings and records on file in this matter and the following memorandum. Lender also requests that the Court take Judicial Notice of certain documents of public record and on file with this Court in accordance with Federal Rule of Evidence 201, including, but not limited to Debtor's Chapter 13 Plan and Schedules.

///

///

## I. INTRODUCTION

Lender's loan matured pre-petition and is fully due and payable. The unpaid balance is $78,508.57 as of the date of filing. Debtor's schedules show her monthly disposable income is $2,085.05, $1,000 of which is derived from ambiguous "rental income". She proposes to pay $2,061.00 to the Trustee each month. Debtor proposes to pay Lender $1,322.32 each month at 0.00% interest to pay of its claim over the 60 months of the Plan.

## II. FACTS

1. Lender is the current payee of a Promissory Note dated February 3, 2006 in the principal amount of $54,000.00 (the "**Note**") secured by a Second Deed of Trust of same date, which bears interest as specified therein. The indebtedness evidenced by the Note is secured by a Deed of Trust executed and recorded in Alameda County and which encumbers the real property located at **26937 Hayward Blvd., #223, Hayward, CA 94542** (the "**Property**"), the Debtor's residence. The contract rate of interest on the Note is 9.5%.

3. Lender's loan matured on July 1, 2013 and is fully due and payable. Lender has started the foreclosure process.

2. On May 15, 2017, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, No. 17-41281-WJL. Debtor filed a Chapter 13 Plan on May 30, 2017 that proposes to pay Lender $1,322.32 each month at 0.00% interest. The unpaid balance is $78,508.57 ("**Unpaid Balance**") as of the date of filing.

3. According to Debtor's Schedules, Debtor has $2,085.05 in disposable income available towards a Chapter 13 Plan payment [*See* Schedule J]. She is relying on $1,000 in rental income [See Schedule J]. Debtor has proposed payments of $2,061.00 each month for 60 months into the Plan [*See* Plan, Page 1].

//
//
//
//

## III. OBJECTION

**The Loan Has Matured and the Proposed Plan an Impermissible Modification in Violation of 11 U.S.C. § 1332(b)(2).**

A. Lender's Loan MatureD Pre-Petition

Lender's loan matured on July 1, 2013, prior to the bankruptcy. The loan is secured solely by the Debtor's principal residence. Debtor is prohibited from modifying Lender's claim pursuant to 11 U.S.C. § 1322(b)(2). Debtor's proposal to pay Lender's claim, which has already matured pre-petition, over a five year period, is in bad faith and not allowed by law. Lender contends that the Plan is in violation of 11 U.S.C. § 1322(b)(2), 11 U.S.C. § 1325(a)(3) and 11 U.S.C. § 1325(a)(6) as a result.

B. Debtor's Proposal to Pay Lender's Claim at 0% Interest is an Impressible Modification of the Claim

*Lender is Entitled to the Contract Interest Rate of 9.5%*

In the event that the Court allows Debtor to modify its matured claim by allowing Debtor to repay the claim over the next 60 months, Debtor should not be allowed to further modify the claim by just paying 0% interest. As discussed above, the contract interest rate is 9.5% and the loan is secured by the Debtor's principal residence. Therefore, as the Debtor is not allowed to modify a claim secured by her principal residence pursuant to 11 U.S.C. § 1322(b)(2), the Plan should provide for repayment of Lender's claim at the contract interest rate of 9.5%.

*In the Event that the Court Will Allow a Modification of the Interest Rate, Lender is Entitled to the Market Rate of Interest*

In the event that this Court allows modification of Lender's right to receive full payment of its loan in accordance with the subject Promissory Note, the Debtor's Plan must provide for full payment of Lender's entire claim over the length of the Plan with market rate of interest. See *In re James Jones*, 188 B.R. 281 (Bankr. D. OR. 1995). See also *In re Barnes*, 32 F.3d (9th Cir.

1994) (requiring payment of the claim over the life of the plan in accordance with 11 U.S.C. § 1325(a)(5)(B)(ii))(emphasis added); In re Bagne, 219 B.R. 272, 277 (Bankr. E.D. Cal. 1998); In re Reeves, 164 B.R. 766, 768 (Bankr. Fed. App. 1994); *In re Harlan*, 783 F.2d 839, 840 (9th Cir. 1986) (postponing payment of a debt beyond the original date contemplated by the parties is a modification of the lender's rights and violates 11 U.S.C. § 1322(b)(2)). Here, this is an interest only loan. The market rate of interest is clearly more than 0% and is most likely close to the contract rate of 9.5%. Debtor should not be allowed to cramdown the interest rate.

*At a Minimum Lender is Should Receive the Till Rate*

Debtor has proposed to repay this claim at 0% interest over the life of the Plan. The contract rate of interest on this loan is 9.5%. At the very least, Debtor's Plan should provide a higher rate of interest to be paid to Lender. In *Till v. SCS Credit Corporation*, the Supreme Court set forth a two-part "prime-plus" formula for the determination of interest paid to creditors in chapter 13 plans. 541 U.S. 465, 478-479 (2004). The interest rate owed to creditors under this formula is the national prime rate adjusted upwards to account for risk. *Id*. The Supreme Court listed risk factors to be evaluated for the upward adjustment of interest as (1) "the circumstances of the estate," (2) "the nature of the security," and (3) "the duration and feasibility of the reorganization plan." *Id*. The Plan should provide for the contract rate of interest or, alternatively, it should provide for a rate of interest higher than that currently proposed in order to account for risk of nonpayment pursuant to the factors listed in *Till, id,* specifically because the Vehicle is a rapidly depreciating asset and because of the length of the plan. Because of the Debtor filing bankruptcy, the length of the Plan and the fact that the Vehicle is a rapidly depreciating asset, Lender is entitled to an increased interest rate. Because a higher interest rate will increase payments due under the Plan, the Plan is in violation of 11 U.S.C. § 1325(a)(6).

Here, the loan has already matured and is secured by the Debtor's principal residence. Further, the Plan does not appear to be feasible as the Debtor is (1) accounting for $1,000 in

unexplained rental income that may or may not come to fruition; (2) the Debtor has committing to contributing all but $24.00 of her disposable income to the Plan; and (3) the Debtor has proposed to pay Lender's claim of $78,508.57 at 0%. The fact that the loan matured pre-petition increases Lender's risk of loss. Further, it is clear that the Debtor's contribution must increase as the interest on Lender's claim must increase. Therefore, the Plan does not appear feasible and is likely to fail because Debtor does not appear to have any more disposable income that would be necessary to repay Lender's claim with the correct interest rate. Lender should receive an interest rate that takes into account these risks.

**Infeasible Plan in Violation of 11 U.S.C. § 1325(a)(6) and Non-Acceptance by Lender of treatment in Violation of 11 U.S.C. § 1325(a)(5).**

Debtor Lacks Income to Fund the Plan

Debtor's own Schedules clearly show that she cannot make the payments required to pay the Unpaid Balance. Debtor's Schedules show disposable income of $2,085.05, $1,000 of which is derived from undisclosed rental income. However, the Debtor proposes monthly payments of $2,061.00. Debtor proposes to pay Lender $1,322.32 each month at 0.00% interest. Lender's loan matured on July 1, 2013 and is fully due and payable. Lender is entitled to be paid back at a market rate of interest. Confirmation of the Plan is simply not possible with Debtor's income and expenses in light of the fact that Lender's claim did not include any interest, so an increased payment amount would be required. If the Plan were to be amended to include Lender's full claim at the market rate of interest, Debtor has not shown that she has the ability to make the ongoing payments.

**Impermissible Modification in Violation of 11 U.S.C. § 1332(b)(2).**

The failure to pay Lender's claim in full is in violation of 11 U.S.C. § 1325(a)(6) and is not allowed by law. Also, Debtor cannot modify its claim over Lender's objections as detailed herein. The failure to pay Lender's claim in full and the attempt to modify Lender's claim is in

5

violation of modification of loan, 11 U.S.C. § 1322(b)(2) and § 1325(a)(5) and is not allowed by law.

**Lender Foreclosure Proceedings Should Remain Unprejudiced by Debtor's Bankruptcy**

Prior to the Debtor filing bankruptcy, Lender had recorded its Notice of Default and published its Notice of Sale due to the severe default on the loan. As Debtor is not proposing to payoff this matured loan immediately but instead to pay it off over five years, Lender requests that, in the event any plan of reorganization is confirmed, any order confirming a plan is without prejudice to Lender's rights to maintain its current foreclosure action. This will protect Lender from further modifications of its rights under the Note and Deed of Trust.

## IV. CONCLUSION

This Bankruptcy and Plan is infeasible as proposed and is an impermissible modification of Lender's loan. Wherefore, Lender prays that Debtor's Plan not be confirmed and that these proceedings be dismissed.

SCHEER LAW GROUP, LLP

DATED: June 27, 2017

/s/ REILLY D. WILKINSON
#250086

# SPECIAL NOTICE

## THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

The following statement provides you with notice of certain rights which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify THE PERCY B. DAWSON LEGACY TRUST, its successors and/or assignees' attorneys in writing within 30 days of receipt of this letter that all or a part of your obligation or judgment to THE PERCY B. DAWSON LEGACY TRUST, its successors and/or assignees is disputed, then THE PERCY B. DAWSON LEGACY TRUST, its successors and/or assignees' attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to THE PERCY B. DAWSON LEGACY TRUST, its successors and/or assignees. In addition and upon your written request within 30 days of receipt of this letter, I will provide you with the name and address of the original Lender, if different from the current Lender.

If I do not hear from you within 30 days of receipt of this letter, I will assume that your debt to THE PERCY B. DAWSON LEGACY TRUST, its successors and/or assignees is valid. Please be advised that the Lender is not obligated to wait 30 days before taking legal action against you.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or <u>www.ftc.gov</u>.

ATTACHMENT "1"